RECEIVED
MAR 0 3 2006
LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Kenneth Jordan Ezell, Jr., ) C/A 2:06-265-PMD-GCK
)
Plaintiff, )
)
vs. ) Report and Recommendation
)
Benjamin A. Lafond; and )
Anthony E. Forsberg, )
)
Defendants. )

The plaintiff, Kenneth Jordan Ezell, Jr. ("Plaintiff") files this action *pro se*, representing himself.[1] The complaint, in the "Statement of the Case," alleges "[t]he Defendants in the above captioned case number did and in fact conspire to defraud the Plaintiff out of the Plaintifs [sic] **Right to an appeal** as granted by the United States Constitution." [emphasis in original] Complaint at 2-3. Plaintiff seeks to recover monetary damages for alleged "civil conspiracy" of the Defendants to "deny the Plaintiff due process of law" and "equal protection of the Law," as well as "violation of each and every Law Rule and Regulation otherwise violated by these Defendants against the Public and Citizens of the State of South Carolina." Id. The Complaint fails to establish federal jurisdiction in this case.

### Pro Se Review

This Court is required to construe *pro se* Complaints liberally. Such *pro se* Complaints are held to a less stringent standard than those drafted by attorneys, see

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a Complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155 (2000) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court

2

shall dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The burden of establishing that federal jurisdiction exists in any case rests upon the party asserting jurisdiction. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis . Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt, supra). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

The Complaint in this case states "[t]his United States District court has Jurisdiction Over these matters pursuant to Title 28 section 1201." Complaint at 1. The statute cited in the Complaint does not exist, so the Complaint fails to affirmatively plead a jurisdictional basis. A review of the facts plead in the Complaint also reveals a failure to plead facts sufficient to establish federal jurisdiction.

The Complaint does not contain factual allegations that could establish a federal claim against the Defendants. The "Facts" in the Complaint state "1. The Defendants

3

Forsberg and Lafond did conspire to defraud the Plaintiff Ezell out of the Plaintifs [sic] Property rights and Liberty interests in the State of South Carolina. And 2. Theft by deciet [sic]." Complaint at 1. The "Statement of the Case" alleges "[t]he Defendants in the above captioned case number did and in fact conspire to defraud the Plaintiff out of the Plaintifs [sic] **Right to an appeal** as granted by the United States Constitution." [emphasis in original] Complaint at 2-3. No other "factual" allegations are stated.

Although Plaintiff claims denial of due process and equal protection of the law as causes of action, no facts are pled to support jurisdiction for a civil rights claim. The Complaint cannot be construed as filed pursuant to 42 U.S.C. § 1983, because the Complaint contains no allegations that the Defendants acted under color of state law.[2] Similarly, although the Complaint claims "civil conspiracy," no factual allegations support jurisdiction pursuant to 42 U.S.C. § 1985(3) because the Complaint does not allege class based discrimination.[3]

In as much as the Plaintiff may claim state law causes of action, the Complaint fails to allege facts to establish diversity jurisdiction. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means

---

[2] Title 42 U.S.C. § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).

[3] Title 42 U.S.C. § 1985(3) was designed to protect certain classes of individuals on the basis of race, color, or national origin, and the Complaint states no facts that allege discriminatory motivation. See Simmons v. Poe, 47 F.3d 1370 (4th Cir. 1995) (§ 1985); Murray v. Thistledown Racing Club, Inc., 770 F.2d 63 (6th Cir. 1985) (§ 1981).

4

that no party on one side may be a citizen of the same State as any party on the other side. See <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 372-374 (1978). The Complaint establishes that all parties reside in the same State.

The factual allegations of the Complaint fail to support jurisdiction. The Plaintiff has not carried his burden of establishing in the Compliant that federal jurisdiction exists. The Complaint should be dismissed for lack of subject matter jurisdiction.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See <u>Lovern v. Edwards</u>, *supra*; <u>Bulldog Trucking</u>, *supra*; F. R. Civ. P. 12(h)(3). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

March 3, 2006
Charleston, South Carolina

5

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**