IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kenneth Jordan Ezell, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 2:06-265-PMD-GCK |
| | ) | |
| Benjamin A. Lafond; and | ) | |
| Anthony E. Forsberg, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Plaintiff Kenneth Jordan Ezell, Jr.'s ("Ezell" or "Plaintiff") *pro se* complaint,[1] alleging "civil conspiracy" against Defendants Benjamin A. Lafond and Anthony E. Forsberg ("Defendants"). The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). The R&R recommends dismissal of Plaintiff's complaint without prejudice and without issuance and service of process. A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

## BACKGROUND

Plaintiff's *pro se* complaint seeks recovery for an alleged "civil conspiracy" to deny Plaintiff "due process of law" and "equal protection of the law." (Pl.'s Compl. at 1-2.) Additionally, Plaintiff asserts a "cause of action against all Defendants for violation of each and every Law Rule and Regulation otherwise violated by these Defendants against the Public and Citizens of the State

---

[1] The longstanding practice is to construe *pro se* complaints liberally. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002)*; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

of South Carolina." (Pl.'s Compl. at 2.) However, the only facts contained in Plaintiff's complaint are as follows: "1. The Defendants Forsberg and Lafond did conspire to defraud the Plaintiff Ezell out of the Plaintifs [sic] Property rights and Liberty interests in the State of South Carolina. And 2. Theft by deciet [sic]." (Pl.'s Compl. at 1.) In the "Statement of the Case" section, Plaintiff states that "[t]he Defendants in the above captioned case number did and in fact conspire to defraud the Plaintiff out of the Plaintifs [sic] **Right to appeal** as granted by the United States Constitution." (Pl.'s Compl. at 2-3.) (emphasis in original). The complaint contains no other factual allegations. Plaintiff contends that this court has jurisdiction "pursuant to Title 28 Section 1201." (Pl.'s Compl. at 1.)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Ezell's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in whole and incorporated by reference into this Order.

## DISCUSSION

### I.     The Magistrate Judge's R&R

In the R&R, the Magistrate Judge recommends dismissal of Plaintiff's complaint for lack of subject matter jurisdiction. As the Magistrate Judge notes, "federal courts are courts of limited

jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)) (internal quotations omitted). Moreover, " 'the burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist.' " *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (quoting *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63-64 (4th Cir. 1988) (remaining citations omitted)). In addition, a federal court must evaluate its jurisdiction *sua sponte* to ensure that the court does not decide controversies beyond its authority. *Id.* (citing *Johnson v. Town of Elizabethtown*, 800 F.2d 404, 407, n.2 (4th Cir. 1986)).

Here, as the Magistrate Judge concluded, the court does not have subject matter jurisdiction over Plaintiff's complaint. First, the jurisdiction statute relied upon by Plaintiff, namely, "Title 28 section 1201," is not a federal statute.[2] Second, the complaint itself simply does not contain factual allegations to establish a federal claim against Defendants. For instance, although Plaintiff alleges a denial of due process and equal protection of the law, Plaintiff pleads no facts in support of these allegations. Furthermore, the complaint does not fall within the ambit of 42 U.S.C. § 1983 because the complaint contains no allegations that Defendants acted under color of state law.[3] Likewise, although Plaintiff alleges "civil conspiracy," the complaint contains no factual allegations to support jurisdiction under 42 U.S.C. § 1985, because the complaint contains no allegations of race-based

---

[2] As the Magistrate Judge states: "The statute cited in the Complaint does not exist, so the Complaint fails to affirmatively plead a jurisdictional basis." (R&R at 3.)

[3] As stated in the R&R, "§ 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law." (R&R at 4.) (citing *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973)).

3

discrimination.[4] Finally, in as much as Plaintiff relies upon state law causes of action, the complaint fails to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (requiring complete diversity of citizenship and an amount in controversy in excess of $75,000.00). Accordingly, as the Magistrate Judge concludes, the court must dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

**II.    Plaintiff's Objections to the R&R**

Plaintiff states four objections to the R&R. First, Plaintiff writes, "[w]rongful use of law's [sic] and improper jurisdiction." (Pl.'s Obj. at 1.) Clearly, this objection makes no sense and is wholly without merit.

Second, Plaintiff objects that "[e]ach and every defendant acting [sic] in collusion with the judiciary to defraud the plaintiff out of property rights and liberty interests in the State of S.C." (Pl.'s Obj. at 1.) Plaintiff refers to Exhibit A, which is a one-page letter simply stating: "I Kenneth Ezell hereby request the following transcripts from this Hearing listed in the above captioned case number heard by Judge Dennis on the Tenth of March 2006." (Pl.'s Obj. Ex. A.) However, Plaintiff provides no other information or factual explanation for the court to consider. Ultimately, without any proper factual allegations or explanation, the court is unable to make sense of this objection and the attached exhibit. Thus, the court finds Plaintiff's objection wholly without merit.

Plaintiff's third objection states that "Title 28 Section 1201 is a State of South Carolina Statute." (Pl.'s Obj. at 1.) Ultimately, this objection only supports the Magistrate Judge's conclusion that this federal district court is without subject matter jurisdiction.

---

[4] To state a claim under 42 U.S.C. § 1985, the plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffen v. Breckenridge*, 403 U.S. 88, 102 (1970); *see also Moore v. City of Columbia*, 284 S.C. 278, 288, 326 S.E.2d 157, 162-63 (S.C. Ct. App. 1985) ("[I]n order to state a cause of action under section 1985(3) the plaintiff must allege invidiously discriminatory animus.").

4

Finally, Plaintiff objects that "[t]his Honorable Court does have jurisdiction over the State of South Carolina and the courts of South Carolina and has the obligation to compell [sic] the State to comply with the Federal Constitution of the United States."  (Pl.'s Obj. at 1.)  However, without further explanation or factual support, this objection simply makes no sense.  Therefore, the court finds this fourth and final objection, like Plaintiff's other three objections, to be wholly without merit.

As previously mentioned, federal courts are courts of limited jurisdiction, and the burden is on the party asserting jurisdiction to show that jurisdiction does, in fact, exist.  *See Goldsmith*, 845 F.2d at 63-63 (citations omitted).  Here, Plaintiff has not met his burden to show that jurisdiction does, in fact, exist.  In other words, the factual allegations, or lack thereof, in Plaintiff's complaint simply fail to support subject matter jurisdiction.

## CONCLUSION

It is, therefore, **ORDERED** for the foregoing reasons that Plaintiff's claim is **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 24, 2006**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4.  *See* Fed. R. App. P. 3-4.